```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Alexander Otis Matthews

    v.                                    Civil No. 14-cv-513-JL

Esker Tatum, Warden,
Federal Correctional Institution,
Berlin, New Hampshire


### REPORT AND RECOMMENDATION

Before the court is Alexander Otis Matthews's motion to amend (doc. no. 6) his pending habeas petition (doc. no. 1), filed pursuant to 28 U.S.C. § 2241.  The motion is before this magistrate judge for a recommendation as to disposition, pursuant to LR 4.3(d)(1).

### Discussion

I.  **Standard**

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading "once as a matter of course," under certain circumstances.  The court may deny a motion to amend, however, "'for any adequate reason apparent from the record,'" including futility of the proposed amendment.  Todisco v. Verizon

Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted).

## II.  Unrelated Claims

Matthews's § 2241 petition (doc. no. 1) challenges the Bureau of Prisons' calculation of his pretrial confinement credit.  In his motion to amend (doc. no. 7), he seeks to raise civil rights claims concerning the conditions of his confinement that are in no way related to his pretrial credit claim. "Unrelated claims against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees" and that prisoners do not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Guiden v. Werholtz, No. 11-3031-SAC, U.S. Dist. LEXIS 50890, *65 (D. Kan. May 11, 2011) ("While joinder is encouraged for purposes of judicial economy, the Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.").  Accordingly, Matthews may not amend his § 2241 petition to add new prison conditions claims that are unrelated to the pretrial credit claim.  Accordingly, the motion to amend should be denied,

2

without prejudice to Matthews's ability to bring his prison conditions claims in a separate civil rights action.

## Conclusion

For the foregoing reasons, the district judge should deny the motion to amend (doc. no. 7) without prejudice to Matthews's ability to file a separate civil rights action asserting his prison conditions claims. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2015

cc:  Alexander Otis Matthews, pro se
     Seth R. Aframe, Esq.