```
                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Alexander Otis Matthews

    v.                                    Civil No. 14-cv-513-JL

Esker Tatum, Warden,
Federal Correctional Institution,
Berlin, New Hampshire


**REPORT AND RECOMMENDATION**

    Alexander Otis Matthews, an inmate at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin") has filed a First Amended Petition (doc. no. 14), which is the operative petition in this matter, seeking habeas relief pursuant to 28 U.S.C. § 2241.  Matthews alleges that the United States Bureau of Prisons ("BOP") has erroneously refused to grant him credit for the time he served in pretrial home detention, as a condition of his pretrial release.  The First Amended Petition (doc. no. 14) is here for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings ("§ 2254 Rules") and LR 4.3(d)(4).  See § 2254 Rule 1(b) (§ 2254 Rules apply to petitions under 28 U.S.C. § 2241).

## Background[1]

Matthews was convicted of wire and bank fraud in the Eastern District of Virginia.  He is presently serving his sentence for those offenses at FCI-Berlin.  Matthews asserts that prior to his trial, the court released him on conditions by placing him on "24-7 lockdown" in his home, with an ankle bracelet and significant limits on his ability to leave his home.  After Matthews was sentenced, the BOP calculated the pretrial confinement credit to be awarded against his sentence, and in doing so, declined to credit him with the time between December 30, 2010, and June 13, 2011, during which he was held in pretrial home confinement.

## Discussion

Matthews asserts here that he is entitled to credit against his sentence for the time he spent in pretrial home confinement. In support of his claim, Matthews relies upon <u>United States v. Londoño-Cardona</u>, 759 F. Supp. 60, 63 (D.P.R. 1991).  In <u>Londoño-Cardona</u>, the district court found that the time a federal

---

[1] In conducting this preliminary review, the court employs the same standard set forth in the since-vacated March 31, 2015, Report and Recommendation (doc. no. 5).

prisoner spent, pre-sentencing, on twenty-four hour house arrest should be credited against the sentence eventually imposed. Id.

Londoño-Cardona, however, has been explicitly overruled in the First Circuit by United States v. Zackular, 945 F.2d 423, 425 n.2 (1st Cir. 1991). The Zackular Court held that home detention "did not rise to the level of 'official detention' for purposes of section [18 U.S.C. §] 3585(b)," the statute that governs the determination of pretrial credit awards by the Bureau of Prisons. Id. at 425-26. Further, the Supreme Court, since Zackular was decided, has held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control." Reno v. Koray, 515 U.S. 50, 58 (1995).

Matthews also argues that the BOP's practice of crediting against a sentence time spent in home confinement at the end of that sentence, while not crediting against the sentence time spent in restrictive home confinement prior to sentencing, is unfair, illogical, and unreasonable. The holding in Koray renders that argument unavailing. See id.

3

## **Conclusion**

For the foregoing reasons, the district judge should dismiss the First Amended Petition (doc. no. 14). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 28, 2015

cc: Alexander Otis Matthews, pro se
    Seth R. Aframe, Esq.